And we move to the fourth case this morning, Pace v. Timmerman's Ranch. May it please the court. Robert Handelsman. I would like to begin by asking two rhetorical questions. How can Jeanne have a counterclaim against someone who is not a party to the 2011 case? And how can Dan be a counterplaintiff when he's not a party to the 2011 case? Defendants don't tell us. One criterion for a counterclaim, the one the defendants don't want to talk about here, is that the litigants must be opposing parties in a pending case. None of Jeanne's claims against the individual defendants can be counterclaims because the individual defendants are not her opposing parties in the 2011 case. And Dan's claim cannot be a counterclaim because he's not a party to the 2011 case. And even if the individual defendants were joined by Rule 20, they could not be Jeanne's opposing parties because the claims there belong to the corporation, Timmerman's Inc., and the individuals can't prosecute them. And they could not be Dan's opposing parties because they have no claims against them. There is simply no precedent, either here or in any other circuit, for saying that someone who is not a party to a case can be a counterdefendant. Rule 20 permits joinder of both plaintiffs and defendants. Yes, it does. But it's not the only way to proceed. There are two ways to proceed in this case. We selected one, file a separate case and move to consolidate it. That is a well-recognized practice throughout the country. Argument 4 has citations, two from the Second Circuit, one from the D.C. Circuit, and numerous district court cases that say consolidation for trial moots the compulsory counterclaim issues. Those arguments were made to the district judge, were they? Yes, they were. It's a matter of law. That is a matter of law, not a matter of discretion. Because the D.C. Circuit said a long time, 70 years ago, that Rule 13A has to be read in conjunction with Rule 42. Even without the consolidation issues, these claims cannot be counterclaims. You can't make somebody an opposing party through Rule 20 if they have no claims against you. Yeah, you can, though. That was my point before. Rule 20 permits that. Rule 20 permits joinder, but for a compulsory counterclaim. Right, which required the joinder of additional parties. No, there's two different things. Rule 20 allows different parties to be brought in, but for a compulsory counterclaim, those parties have to be opposing parties. The individual defendants here were not opposing parties of Jean, cannot be opposing parties of Jean because they have no claims against her. And you have a case from this circuit that says a plaintiff cannot join in an already filed case. It's Thompson v. Box. So Dan couldn't come in under Rule 20, and even if he could, the individual defendants are not his opposing parties. This is a thing that the district court overlooked. Even if they came in through Rule 20, they're not opposing parties. And Rule 13a specifically states that the compulsory counterclaim has to be against an opposing party, someone who sued you. Individual defendants never sued Jean, and they never sued her husband. So they can't be their opposing parties. Ergo, the claims against them cannot be counterclaims. I have another rhetorical question. How can you have an abusive process claim before the process is issued? Defendants don't talk about that one either. An arrest is a process. Not under Illinois law. Under Illinois law, the indictment is a process. There is no Illinois case, certainly none cited by the defendants, that says an arrest is process. You can sue based on an arrest for an abusive process if someone has provided false information, right? Where is that? I haven't seen a case that says that. It might be in 1983, but we're not here in 1983. We're here under Illinois law. The Illinois Supreme Court has said that an abusive process claim is based on what happens after process is issued. I haven't seen any case that says an arrest constitutes process in Illinois. I'd like to speak briefly about the motions to consolidate. First of all, according to the case you cited in argument four, they cure or moot the rule 13A. They cure or moot the compulsory counterclaim issue. Now, if the motions were reflexively denied only because Judge Zagel preferred to rule on them later on in the proceedings, and there's no other factual basis for his decision, then his discretion wasn't exercised because he didn't consider, he didn't weigh and balance all the factors judges usually consider when they decide such motions. And if the motions were denied only because they were filed prematurely, there was an abuse of discretion because there are a lot of other and more important factors to consider than the timing of the motions. An abuse of discretion exists when a court does not consider all the required factors needed to make an informed decision. And a mistake of law is an abuse of discretion. The mistake of law here was in holding that Rule 20 was the only way for plaintiffs to proceed. And as I mentioned before, Rule 20 is a permissible method, but it's not the only method. It is not mandatory. There is no case from this circuit or any other court in this country that says parties have to go by Rule 20. They can't go by Rule 42. All the citations in Argument 4 say filing a separate suit and consolidating it for trial is an acceptable practice. The Wright and Miller quotation we have in Argument 4 is specifically on point. It says a plaintiff can do that. It says a defendant can move to consolidate them. Well, if a defendant can move to consolidate them, a plaintiff certainly can. And I'd just like to comment briefly about the amended counterclaim. Pages 52 and 53 of the initial brief show that we tried to present the two compulsory counterclaims in this case by amended counterclaim and were refused. Because that denial is in the 2011 case, we can't appeal it. It's in the brief to show you that we tried to handle the compulsory counterclaims the way the district court said we should have, and we were unsuccessful. This was filed in the middle of discovery. We have a discovery plan in the record. It's mentioned in footnote 8 of page 41 of the initial brief. I don't recall exactly what the R number is. So the parties were still taking depositions. Gene's deposition was taken yesterday. This case was taken in the middle of discovery. Amendments in the middle of discovery are par for the course. It happens all the time. Thank you. Thank you, counsel. Mr. Bryan. Good morning. If I could address Mr. Handelman's arguments sort of in reverse order. First of all, the discovery in this case has been going on for now three years. At the time of the filing of Mr. Handelman's client's separate complaint in 2013, the case had been pending for two years. We've undergone 23 depositions, and we've disclosed 20,000 pages of documents. It's not the middle of discovery. The case is towards the end of discovery. Now, the argument about Rule 13 and opposing parties, Mr. Pace in the 2013 action is an opposing party. Under the case in this circuit, asset, I think it's asset allocation case, the court addressed exactly what the addition of defendants, and the court stated, nor is it material that the counterclaim named additional parties besides assets three partners as counterclaim defendants. Rule 13H allowed them to be joined pursuant to Rule 20A, provided there was personal jurisdiction over them. That's exactly the situation we have here. It doesn't address the addition of Dan Pace as a plaintiff, that's true, but Rule 20 does address separately the addition, the joinder of both plaintiffs and defendants. So there's no reason that Dan's claim in the 2013 case, which was a derivative loss of consortium claim, should not have been brought as a compulsory counterclaim in the 2011 case. The abusive process claim, Ms. Pace alleges in her complaint that it wasn't the indictment that was the abusive process, but it was the defendant's actions in inducing law enforcement with false information that was the abusive process to arrest and indict her. The Timmermans, my clients, could not abuse process by issuing an indictment. It's simply not possible. So the allegations were made that my clients urged by false information the arrest and indictment subsequently made. I think the real issue here is that it was over two years before Ms. Pace filed the 2013 action, and that's the problem with allowing consolidation and with allowing amendment to the counterclaim in the 2011 case. As I said, we've taken 23 depositions, 20,000 pages of documents. I believe we've told the district court in the 2011 case that discovery is coming to a close. We'll be getting a trial date. Your opponent argues that the permissibility of joinder under Rule 20 has no impact on- I'm sorry, I can't- Your opponent argues that the fact that these additional parties could be brought in under Rule 20 as permissive joinder under the permissive joinder rules doesn't have any influence on the compulsory counterclaim analysis under Rule 13. What's your response to that? Well, I believe Rule 13H says that joinder of parties may be made pursuant to Rule 20. I mean, it specifically refers you to Rule 20. And then the asset allocation case discusses a compulsory counterclaim in which the counterclaim added new parties as defendants, and the court said that's not material and cites Rule 13H, which refers the parties to Rule 20 and allows that joinder. So there's really no reason why that can't be done or why it shouldn't be done. If there's no further questions, that's all I have. I don't believe so. Thank you very much. Thank you. Mr. Hanselman? How much time? Well, I don't think I'll need all that. Counsel commented about the length of the case, and I have a little rejoinder. The reason the case has gone on so long is because Ms. Pace has not been tried criminally yet. That's set for November 17th. They've been dragging it out because they want the state's attorney in Mohegan to do their work for them. Again, there is nothing in the law that says you either go by Rule 20 or you're out. Neither the district court nor the defense has given you anything. The citations in Argument 4 are more than enough to contradict that contention. We've heard talk about asset allocation. Asset allocation didn't involve Rule 42 issues. This case is more like the two Second Circuit cases, the D.C. Circuit case, and the district court cases cited in Argument 4. Because if you accept that contention, you can throw all them out. You can throw out all the quotations from Wright and Miller that are a treatise that's cited every day in every court in this country. This court issued a decision on October 8th about the reasons for... I'm sorry? This court issued a decision on October 8th. Green v. United States Department of Education talked about the reason for the compulsory counterclaim rule, which is to avoid duplicative litigation, and it seems like that's what we've got here. Well, that's the reason we moved to consolidate. The Second Circuit and the D.C. Circuit talked about that. All the district court cases that are cited in Argument 4, Wright and Miller talked about it. In the reply brief, we cited EEOC v. Harris-Chernin. Said when you consolidate for all purposes, there's one case. That's what we asked the district court to do. When you file a separate action, you move to consolidate. You have one case. Right, but if a motion to consolidate is used in that fashion, it completely guts the compulsory counterclaim rule. Not according to the D.C. Circuit, not according to the Second Circuit in the Speed Products case. Well, right, but, I mean, we don't have that rule, so we need to decide whether to recognize it. Well, that's true. And it seems to me that a rule like that that says all you have to do is move to consolidate your duplicative litigation and you get out from under the requirements of the compulsory counterclaim rule. Well, I can only go by what's on the books right now. That's what was on the books when we filed the brief. And if you're going to make a decision. What's the rationale for that? Rationale for what? For allowing a motion to consolidate to eliminate a compulsory counterclaim bar. For the same reason that Wright and Miller gave. It's a permissible concept under the rules. If you're going to issue a decision like that, it should operate prospectively only. Because when the lawsuit was filed in 2013, there was no rule like that on the books. Or else we could have done it. When that lawsuit was filed, there were two permissible methods to proceed under the construction of rules 13 and 42 together. They could go by Rule 20, or they could file a separate suit and move to consolidate it. Your prayer for relief request remained with order to consolidate, right? Well, it was an alternative. I understand. That's what I'm saying. It was an alternative. Send it back with an order to consolidate or move it back for hearings with regard to a lot of the issues that you're talking about. Yes, yes. Because except for Gene's claims against Timmermans in count one and count three, those are the only compulsory counterclaims in this case as compulsory counterclaims are traditionally defined and have always been defined. All the others are against separate parties. And opposing parties is a key to having a compulsory counterclaim. You can't have a compulsory counterclaim against someone who's not your opposing party. And the individuals were not, for the reasons we pointed out, could not be opposing parties of either one. And as far as Dan is concerned, we've had no talk about that. Your case and the one from the Western District of Arkansas cited in the reply brief, someone can't join an appending case as a plaintiff under Rule 20. He couldn't have gone in. His claim under state substantive law had to be part of Gene's claims. And if he couldn't go into the 2011 case under Rule 20, where is he supposed to go? Thank you. Thank you very much. Thanks to both of you. The case will be taken under advisement.